UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| REGINALD E. BRONSON and LAWRENCE STENGER<br><br>Plaintiffs<br><br>v.<br><br>FOUR WHEEL DRIVE HARDWARE, LLC<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 00-2616 (PAM/SRN)<br><br>**JOINT MOTION FOR PROTECTIVE ORDER AND PRESERVATION OF CONFIDENTIAL INFORMATION** |

RECEIVED
BY MAIL
DEC 21 2001
CLERK US DIST COURT
ST. PAUL, MN

WHEREAS, Plaintiffs, Reginald Bronson and Lawrence Stenger, wish to maintain the confidential nature of certain information sought by Four Wheel Drive Hardware, LLC, in the above-reference action, and

WHEREAS, Defendant, Four Wheel Drive Hardware, LLC, wishes to maintain the confidential nature of certain information sought by Reginald Bronson and Lawrence Stenger in the above-referenced action, and

WHEREAS, Plaintiffs and Defendant wish to accommodate the mutual requests for preservation of confidentiality without substantially hindering the discovery process,

NOW, THEREFORE, Plaintiffs and Defendant jointly move, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, to limit the disclosure of information discovered during the course of this action as hereinafter provided.

**DEFINITIONS**

As utilized herein, unless otherwise specifically indicated, the term "*Confidential Information*" means information which is of such a nature that unrestricted disclosure could be

FILED JAN 02 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

prejudicial to the interests of the providing party and which the providing party has maintained as proprietary information.

As utilized herein, unless otherwise specifically indicated the term "Plaintiffs" refers to and includes (i) Reginald Bronson, (ii) Lawrence Stenger, and (ii) all agents, representatives, attorneys and consultants of Reginald Bronson and Lawrence Stenger.

As utilized herein, unless otherwise specifically indicated, the term "Defendant" refers to and includes (i) Four Wheel Drive Hardware, LLC, and (ii) all employees, agents, representatives, attorneys and consultants of Four Wheel Drive Hardware, LLC.

As utilized herein, unless otherwise specifically indicated, the phrase "*Providing Information*" encompasses any and all methods of communication including specifically, but not exclusively written, oral, and gestural.

As utilized herein, unless otherwise specifically indicated, the term "*Party*" includes Plaintiffs, Defendant, and any other person named in this action.

**INFORMATION SUBJECT TO ORDER**

1. The types of information subject to the terms and conditions of this order include Confidential Information provided by one party to another which have been designated "Confidential" by the providing party.

2. Information provided in written form shall be designated as "Confidential" by separately marking each page as confidential.

3. Information provided in verbal and/or gestural form shall be designated as "Confidential" by verbally indicating the confidential nature of the information at the time the

information is provided and/or indicating the confidential nature of the information in writing within a reasonable time period after the information has been provided.

4. Information provided during a deposition shall be designated as "Confidential" by requesting the reporter to so designate the information in the transcript.

**PERSONS AUTHORIZED TO RECEIVE INFORMATION**

5. Persons authorized to receive information designated as "Confidential" pursuant to this Protective Order are limited to (i) outside counsel retained by a Party for purposes of assisting in this Action including the attorneys, paralegal, stenographic and clerical staff of such outside counsel, and (ii) persons employed as an expert consultant by a Party for purposes of assisting in this Action. Prior to any disclosure to persons employed as an expert consultant, counsel shall obtain a written Affidavit, in the form attached hereto, from each person to whom disclosure is to be made, acknowledging that any document, information or tangible item that has been designated as "Confidential" is subject to this Order, that the person has read this Order, that such person agrees to comply with and be bound by this Order, and that such person is aware that contempt sanctions may be entered for violation of this Order. The Affidavits shall be provided to opposing counsel seven (7) days in advance of the first disclosure of any "Confidential" information to such person. If no objection is made to such person receiving the "Confidential" information within such seven (7) day period, then "Confidential" information may be disclosed to such person. If objection is made, then the party retaining such person may bring before the Court the question of whether the "Confidential" information may be disclosed to such person. All signed Affidavits shall be maintained through the conclusion of this action.

**TREATMENT OF INFORMATION DESIGNATED "CONFIDENTIAL"**

6. Any information designated "Confidential" under this Protective Order shall be held in strictest confidence by each person receiving such information, shall be used by such person only for purposes of this Action, shall not be disclosed to persons who are not authorized to receive such information under Section 5, and shall not be used by such person for any business or competitive purpose or function.

7. In the event that persons who are not authorized to receive "Confidential Information" are in attendance at a deposition when Confidential Information is to be disclosed, those persons shall, if requested, leave the room until disclosure of the Confidential Information is completed.

8. When information is contained or incorporated in a deposition transcript that is designated as "Confidential" by a party, arrangements shall be made with the reporter to bind the Confidential portions of the transcript separately and label them as "Confidential."

9. A person with custody of information designated as "Confidential" shall maintain it in a manner that limits access to those authorized to receive such information under this Protective Order.

10. Nothing herein shall prevent any of the attorneys of record in the case from utilizing Confidential Information in the examination or cross-examining of any witness subject to the applicable provisions of this Protective Order provided, however, that if the supplying party objects, Confidential Information may not be disclosed to a witness who is not authorized to receive such Confidential Information except upon order of the Court. If Confidential Information is to be used in the examination or cross-examination of a witness not authorized to

receive such Confidential Information, the supplying party of the Confidential Information must be given notice of the use prior to any disclosure.

11. Upon final termination of this Action, the parties shall assemble and return all physical documents designated as "Confidential," including all copies, except that any documents or copies which contain or constitute attorney work product shall be destroyed rather than returned.

12. All information produced in this case shall be used solely for purposes of this Action and for no other purpose.

13. Either party may contest another party's designation of information as Confidential by serving notice thereof upon the designating party and thereafter moving for an order vacating or modifying the provisions of this Agreement as to such information. The information in question shall continue to be entitled to the protection provided by this Agreement until such a motion is served and favorably ruled upon by the Court.

14. The restrictions and obligations relating to Confidential Information established by this Protective Order shall not apply to any such information which (i) was public knowledge at the time it was designated as "Confidential," (ii) becomes public knowledge after being designated as "Confidential" for reasons other than as a result of unauthorized disclosure by a Party who received such information under this Protective Order, or (iii) is openly discussed, before or after being designated as "Confidential," to the receiving party by a third party who is in lawful possession thereof and who has the right to make an unrestricted disclosure thereof.

15. This order shall not be deemed to prejudice any party signing this Order in any way with respect to any future application for modification of this Order.

SHERRILL LAW OFFICES

By:______________________________
Michael S. Sherrill, Reg. No. 164,987
Sherrill Law Offices
4756 Banning Avenue, Suite 212
White Bear Lake, MN 55110-3205
TEL: (651) 426-2400

Dated:______________________________

Counsel for Plaintiffs

HAHN LOESER & PARKS LLP

By: R. Eric Gaum
R. Eric Gaum, Ohio Reg. No. 0066573
Hahn Loeser & Parks LLP
1225 West Market Street
Akron, OH 44313-7188
TEL: (330) 864-5550

Dated: 12-7-01

Counsel for Defendant

BY THE COURT:

Dated:______________________________

______________________________
Judge Paul A. Magnuson
United States District Court

15. This order shall not be deemed to prejudice any party signing this Order in any way with respect to any future application for modification of this Order.

SHERRILL LAW OFFICES

By: ______________________
Michael S. Sherrill, Reg. No. 164,987
Sherrill Law Offices
4756 Banning Avenue, Suite 212
White Bear Lake, MN 55110-3205
TEL: (651) 426-2400

Dated: 07 Dec 01

Counsel for Plaintiffs

HAHN LOESER & PARKS LLP

By: ______________________
R. Eric Gaum, Ohio Reg. No. 0066573
Hahn Loeser & Parks LLP
1225 West Market Street
Akron, OH 44313-7188
TEL: (330) 864-5550

Dated: 12-7-01

Counsel for Defendant

BY THE COURT:

Dated: December 21, 2001

______________________
Judge Paul A. Magnuson
United States District Court

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| REGINALD E. BRONSON and LAWRENCE STENGER<br><br>Plaintiffs<br><br>v.<br><br>FOUR WHEEL DRIVE HARDWARE, LLC<br><br>Defendant. | ) | Civil Action No. 00-2616 (PAM/SRN)<br><br>**AFFIDAVIT** |

1. My name is __________________________. I live at ________________________. I am employed as (state position) ___________________________ by (state name and address of employer) ___________________________________________________.

2. I am aware that a Protective Order regarding Confidential Information has been entered in the above referenced litigation. A copy of that Protective Order has been given to me. I have carefully reviewed its terms and conditions.

3. I promise that documents, information, and tangible items designated as "Confidential" under the Protective Order entered in the above case will be used by me only under supervision of counsel in connection with this particular litigation even when discussing it with persons identified in paragraph 4 herein below.

4. I promise that I will not disclose or discuss "Confidential" information with any persons other than counsel for any party and paralegal and clerical personnel assisting such counsel, and other persons permitted access to "Confidential" information under the Protective Order who have signed affidavits undertaking to preserve the confidentiality of the "Confidential" information.

5. I understand that any use of "Confidential" information, or any portions or summaries thereof, or any information obtained therefrom, in any manner contrary to the provisions of the Protective Order will subject me to the sanctions of the Court.

______________________ ______________________
Signature Date

Sworn to before me this _____ day of _________________, 200____.

(Notary Public)

My Commission Expires:

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

FORMS\PROTECOR.NOT
Rev. 8/10/01