UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Reginald E. Bronson, and,
Lawrence Stenger,

Civ. File No. 00-2616 (PAM/SRN)

Plaintiffs,

v.

**ORDER**

Four Wheel Drive Hardware, LLC,

Defendant.

---

This matter is before the Court on Defendant's appeal from the Order of Magistrate Judge Susan Richard Nelson dated May 8, 2002. In that Order, Magistrate Judge Nelson granted in part and denied in part Defendant's request for attorney's fees.

The Court must modify or set aside any portion of the Magistrate Judge's Order found to be clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.1(b). Defendant contends that Magistrate Nelson erred in determining that Defendant was entitled to its fees and costs only from the preparation of the summary judgment motion and not from the filing of the Complaint.

In the Motion before the Magistrate Judge, Defendant requested fees and costs pursuant to 28 U.S.C. § 1927 and 35 U.S.C. § 285. Magistrate Judge Nelson determined that costs were not appropriate under § 1927. She found, however, that the case was exceptional and thus that an award of attorney's fees and costs was appropriate under § 285. Defendant apparently does not take issue with her conclusion as to § 1927. Defendant argues that,

FILED JUN 07 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

because Magistrate Judge Nelson found that Plaintiffs and their attorney failed to conduct a reasonable pre-filing investigation, she should have awarded Defendant its fees from the inception of the case rather than from Defendant's preparation of the motion for summary judgment.

There is no doubt that this case is exceptional within the meaning of § 285. As Magistrate Judge Nelson found, Plaintiffs "failed to conduct an infringement analysis at all." (May 8, 2002, Order at 13.) Although Defendant insists that this finding mandates an award of attorney's fees, in fact the Magistrate Judge has considerable discretion both in whether to award fees and the amount of such award. Magistrate Judge Nelson determined that, although neither Plaintiffs nor their counsel performed the pre-filing inquiry they should have performed, the discovery process was essential to convincing Plaintiffs of the lack of factual basis for their claims. Thus, she awarded fees from the conclusion of discovery. This determination was entirely within her discretion, and the Court cannot say that it was either clearly erroneous or contrary to law.

This Court has carefully reviewed the record in this matter. Based on that review, the Court is satisfied that Magistrate Judge Nelson correctly decided the issue before her. Her Order is neither clearly erroneous nor contrary to law.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Appeal (Clerk Doc. No. 69) is **DENIED**, and

2. The Order of Magistrate Judge Susan R. Nelson dated May 8, 2002 (Clerk Doc. No. 68) is **AFFIRMED**.

Dated: June 7, 2002

Paul A. Magnuson
United States District Court Judge