**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Reginald E. Bronson and Lawrence Stenger,**

**Plaintiffs,**

**v.**

**FourWheel Drive Hardware L.L.C.,**

**Defendant.**

**Civil No. 00-2616 (PAM/SRN)**

**ORDER**

---

Kathryn K. Smith, Esq., on behalf of Plaintiffs

R. Eric Gaum, Esq., on behalf of Defendant

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above entitled matter came before the undersigned United States Magistrate Judge on Defendant's Petition for Attorneys' Fees and Bill of Costs (Doc. No. 75). This case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

## I. BACKGROUND

Plaintiffs obtained a design patent for their reflective dashboard on September 23, 1997. Thereafter, Plaintiffs learned that Defendant sold reflective stainless steel dashboards. Plaintiffs accused Defendant of infringing Plaintiffs' patent and requested that Defendant discontinue selling its dashboards. Defendant did not respond. Thus, on November 29, 2000, Plaintiffs retained attorney Michael S. Sherill. On November 30, 2000, Plaintiffs filed their complaint



FILED APR 1 8 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

alleging infringement.

Defendant then began discussing with Plaintiffs the merits of Plaintiffs' claims. On February 26, 2001, Defendant provided Plaintiffs with Defendant's 1994 catalog in which it sold reflective replacement dashboards. On June 19, 2001, Defendant provided Plaintiffs with a 1982 issue of Off-Road magazine showing a reflective Jeep® dashboard. Defendant also explained that even if Plaintiffs' patent were valid, Defendant's product could not infringe Plaintiffs' patent because Defendant did not sell fasteners with its dashboards or ornamental fasteners similar to those claimed in Plaintiffs' patent. In October or November of 2001, Defendant alerted Plaintiffs that it would be filing a motion for summary judgment. On January 7, 2002, Defendant filed a motion for summary judgment. On or about January 29, 2002, Plaintiffs responded and conceded that their patent was invalid and moved to dismiss their lawsuit.

Thereafter, Defendant moved this Court to award attorney fees and costs pursuant to 35 U.S.C. § 285 (2001) and 28 U.S.C. § 1927. On May 7, 2002, this Court denied Defendant's motion with respect to § 1927 and granted in part Defendant's motion with respect to § 285. Bronson et al. v. Four Wheel Drive Hardware, LLC, No. 00-2616, Order (D. Minn. May 7, 2002). In partially allowing an award under § 285, this Court limited the award to those fees and costs incurred from the time Defendant began preparing its summary judgment motion. Id. at 15. Defendant appealed the May 7, 2002 Order. On June 7, 2002, the Honorable Paul A. Magnuson affirmed the May 7, 2002 Order.

By this petition, Defendant requests an award of $56,887.98–$46,405.00 in attorney fees, $8,808.98 in costs, and $1,674.00 in attorney fees for work done on its Rule 11 motion that was incorporated into its 35 U.S.C. § 285 motion.

Plaintiffs argue that the following entries should be excluded: entries related to discovery fees and costs, entries related to insurance coverage, entries related to overhead costs, duplicative and unnecessary entries, cost entries that lack sufficient identification, entries related to Defendant's appeal of the May 7, 2002 Order, and entries related to Defendant's Rule 11 motion. Each of these arguments will be addressed below.

## II. STANDARD: REASONABLE ATTORNEY FEES

This Court's decision as to what "reasonable attorney fees" are for purposes of 35 U.S.C. § 285 will be guided by the principles in Hensley v. Eckerhart, 461 U.S. 424 (1983) and its progeny. "The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." Fish v. St. Cloud State Univ., 295 F.3d 849, 851 (8th Cir. 2002) (citing Hensley, 461 U.S. at 433); see also Mathis v. Spears, 857 F.2d 749, 754 (Fed Cir. 1988) ("The methodology of assessing a reasonable award under 35 U.S.C. § 285 is within the discretion of the district court."). Arriving at the lodestar requires a court to exclude from the calculation those hours that were not "reasonably expended." Hensley, 461 U.S. at 434; accord e.g., Baufield v. Safelite Auto Glass, 831 F.Supp. 713, 720 (D. Minn. 1993). For instance, those hours that are excessive, redundant, based upon inadequate documentation, or otherwise unnecessary are excluded. Hensley, 461 U.S. at 434; Jenkins by Jenkins v. State of Missouri, 127 F.3d 709, 718 (8th Cir. 1997) (noting that "the necessity and usefulness of the plaintiff's activity in the particular matter for which fees are requested; and the efficiency with which the plaintiff's attorneys conducted that activity" must be examined); Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974) (providing additional factors); see also Griffin v. Jim Jamison, Inc., 188 F.3d 996, 997 (8th Cir.

1999) (noting that it is not "necessary for district courts to examine exhaustively and explicitly, in every case, all of the factors that are relevant to the amount of a fee award"). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended . . . ." Hensley, 461 U.S. at 437. After the lodestar figure is determined, the fee award may be adjusted further depending on other considerations, most importantly, the relationship between the fee and the degree of success obtained. Hensley, 461 U.S. at 434.

A fee determination of this sort does not lend itself to the application of bright-line rules or precise formulas. See id. at 436-37 ("There is no precise rule or formula for making these determinations."); Wal-Mart Stores, Inc. v. Barton, 223 F.3d 770, 773 (8th Cir. 2000) (same); Wagenmann v. Adams, 829 F.2d 196 (1st Cir. 1987) ("[W]e must hesitate to nitpick what are essentially factual matters . . . ."); Storlie v. Rainbow Foods Group, Inc., Civ. No. 00-1817, 2002 WL 47000, at *1 (D. Minn. Jan. 9, 2002) ("The standard and criteria to be applied in judging a fee petition under these statutes are familiar to the Court and to counsel but are easier in their recitation than in their application."). Rather, a "court necessarily has discretion in making this equitable judgment." Hensley, 461 U.S. at 437; accord e.g., Griffin, 188 F.3d at 997 ("We give great deference to the district courts on fee matters having to do with services performed before them.").

## III. DISCUSSION

As an initial matter, the parties disagreed about the limitations this Court placed on an award in its May 7, 2002 Order. This Court stated that "the Court finds it reasonable to award reasonable fees incurred by Defendant from the point at which Defendant began preparing its

motion for summary judgment." Bronson et al. v. Four Wheel Drive Hardware, LLC, No. 00-2616, Order at 15 (D. Minn. May 7, 2002). Defendant interprets this language both broadly and narrowly in an attempt to obtain the greatest award. First, Defendant interprets the language broadly to include discovery and research leading up to the preparation of the summary judgment motion. Indeed, Defendant includes entries six months prior to the time it actually filed its motion for summary judgment. Second, Defendant interprets the language narrowly arguing that the time limit of the fee award does not apply to costs and expenses; rather, Defendant argues it only applies to attorney fees. Defendant submits that "the only direction from the Court is that the award of attorneys' fees starts from the point at which Four Wheel Drive Hardware began preparing its motion for summary judgment. As the prevailing party, Four Wheel Drive Hardware should be entitled to all of its costs and expenses associated with the litigation." (Def.'s Reply in Supp. of Pet. for Att'ys' Fees and Bill of Costs, at 2).

To the extent that this Court's language created any confusion among the parties, the following discussion should resolve it. In ruling on Defendant's request under 35 U.S.C. § 285, this Court noted that Defendant sought an award including, generally in chronological order of tasks that arise in litigation, the following:

> (1) preparing and propounding interrogatories, document requests, and two sets of requests for admissions; (2) preparing responses to Plaintiffs' interrogatories, document requests, and requests for admissions; (3) providing supplemental responses to Plaintiffs' interrogatories; (4) *preparing its motion for summary judgment and its reply brief*; (5) preparing a motion for Rule 11 sanctions; (6) preparing the 35 U.S.C. § 285 motion; and (7) interacting on numerous occasions with Plaintiffs' counsel by letter, telephone and email.

Bronson et al. v. Four Wheel Drive Hardware, LLC, No. 00-2616, Order at 14 (D. Minn. May 7, 2002) (emphasis added). Then, this Court limited the award to those tasks beginning with

number four (4); from the point at which Defendant began preparing its motion for summary judgment. Thus, all work before that point was to be excluded, i.e., tasks one (1), two (2), and three (3). This Court excluded work related to discovery (tasks one through three) so as to fashion an equitable and fitting award given the circumstances of the case as it developed.

Costs and expenses are also only recoverable from the time Defendant began preparing its motion for summary judgment. Defendant's interpretation of "fees" to not include basic costs and expenses is incorrect. The word "fees" was used without any qualifier (attorney or otherwise) so as to encompass basic fees/expenses and attorney fees. By its explicit terms, 35 U.S.C. § 285 provides only for an award of attorney fees ("The court in exceptional cases may award reasonable attorney fees to the prevailing party."). Courts, however, have held that the phrase "attorney fees" in § 285 encompasses both those fees charged by an attorney for his/her work and certain fees, expenses, or costs traditionally accompanying the prosecution of a lawsuit. E.g., Central Soya Co., Inc. v. Geo. A. Hormel & Co., 723 F.2d 1573, 1578 (Fed. Cir. 1983) ("We interpret attorney fees to include those sums that the prevailing party incurs in the preparation for and performance of legal services related to the suit. . . . Accordingly, we conclude that the award of expenses was properly within the scope of § 285"). Thus, when this Court used the term, "fees," it was intended to encompass both basic fees, costs, and expenses as well as attorney fees.

After a review of Defendant's fee submissions (Def.'s Petition for Attorneys' Fees and Bill of Costs, Ex. A and B), this Court concludes that Defendant actually began preparing its motion for summary judgment on or about October 7, 2001. This date corresponds with when Defendant informed Plaintiff that it would be filing a motion for summary judgment and reflects

the first of a series of similar entries related to preparing the summary judgment motion. Therefore, all attorney fees and other fees, costs, and expenses prior to October 7, 2001 are not recoverable; $7,169.00 in attorney fees and $2,320.17 in other fees, costs, and expenses must be excluded from the award.

There are other dates prior to October 7, 2001 that reference the summary judgment motion such as: 7/3/01–research of "upcoming motion for summary judgment;" 8/27/01–preparing an affidavit "to be used in support of motion for summary judgment;" 9/13/01–meeting to discuss motion for summary judgment; 9/24/01–a variety of activities including "preparation of motion of summary judgment;" and 10/5/01–"[a]ttention to preparation of motion for summary judgment." These entries, however, do not seem to reflect the formal commencement of preparing/writing the motion for summary judgment because they either demonstrate that preparation of the motion had not yet begun or they are included in an entry with an assortment of other activities that suggest the preparation of the motion had not yet begun. The exact date that Defendant began preparing its motion for summary judgment is simply one of those difficult judgment calls that a fee petition commonly presents. <u>Lipsett v. Blanco</u>, 975 F.2d 934, 937 (1st Cir. 1992) ("[B]ecause determination of the extent of a reasonable fee necessarily involves a series of judgment calls, an appellate court is far more likely to defer to the trial court in reviewing fee computations than in many other situations.").

**A. <u>Discovery Related Attorney Fees</u>**

There are multiple entries that can be readily identified as discovery related, and, accordingly, such entries must be excluded from any award. The following dated entries are clearly discovery related: 10/8/01 ($45.00); 10/27/01 ($45.00); 11/12/01 ($45.00); 11/18/01

($292.50); 12/3/01 ($450.00); 12/4/01 ($323.00); 12/5/01 ($67.50); 12/6/01 ($76.00); 12/7/01 ($337.50); 12/8/01 ($22.50); 12/10/01 ($67.50); 12/11/01 ($22.50); 12/29/01 ($22.50); 1/1/02 ($742.50); 1/2/01 ($45.00); 1/14/02 ($45.00); 1/19/02 ($90.00); and 1/21/02 ($90.00). Clearly discovery related fees that must be excluded from any award total $2,829.00.

There are additional entries that describe tasks that are both clearly discovery related and non-discovery related. For such entries, however, it is simply impossible to decipher how much time was spent on the discovery or other tasks. In such a situation, this Court in its discretion may reduce the award by the number of hours not compensable or reduce the award by a percentage. E.g., Baufield v. Safelite Glass Corp., 831 F.Supp. 713, 721-22 (D. Minn. 1993). The following dated entries are mixed entries: 11/6/01 ($202.50); 11/16/01 ($337.50); 11/20/01 ($810.00); 11/26/01 ($472.50); 12/6/01 ($45.00); 12/19/01 ($135.00); 1/3/02 ($270.00); and 1/22/02 ($399.00). The total of these fees is $2,671.50. These fees will be reduced by fifty percent (50%) to reflect discovery related tasks that this Court did not envision as being eligible for an award. Thus, mixed fees related to discovery that must be excluded from any award total $1335.75.

**B. Attorney Fees Related to Insurance**

Plaintiffs' argument concerning insurance is largely moot because most of the entries related to insurance occurred prior to October 7, 2001. Accordingly, such fees occurred prior to preparation of the summary judgment motion and must be excluded. Plaintiff points to two additional entries concerning insurance on 1/23/02 and 2/25/02.

Defendant argues that "Plaintiffs [sic] frivolous law suit almost got Four Wheel Drive Hardware sued by its insurance company." (Def.'s Reply in Supp. of Pet. for Att'y's Fees and

Bill of Costs, at 3).

Defendant incurred attorney fees in connection with insurance coverage because Defendant tendered the defense of this lawsuit to its insurance carrier. Defendant's insurance carrier was quite adamant that the policy did not cover this lawsuit. Indeed, Defendant's insurance carrier planned to seek a declaratory judgment stating that it need not defend Defendant. (Def.'s Reply in Supp. of Pet. for Att'y's Fees and Bill of Costs, Ex. A). These fees are not properly part of this petition and are not reasonably taxed to Plaintiffs. Thus, the entry on 2/25/02 ($45.00) is excluded from any award, and the entry on 1/23/02 ($270.00), which contains multiple tasks, will be reduced by 10% ($27.00) to reflect the insurance related task; a total reduction of $72.00.

### C. Attorney Fees Related to Overhead

Plaintiffs argue that various entries are simply overhead and not properly recoverable. Defendant responds by explaining that even if Plaintiffs are correct this Court has the inherent power to make Defendant whole for Plaintiffs' abuse of the judicial process.

There are numerous entries that either are overhead or represent tasks not properly billed by an attorney or law clerk. An entry on 11/20/01 ($810.00) by Eric Gaum includes, among various other tasks, attending to preparation of color exhibits. This entry has already been reduced by fifty percent (50%) because it includes some discovery related tasks. It is impossible to determine how much time was related to attorney Gaum, billing at $225 per hour, preparing a color exhibit because various other tasks are included in this entry. This should have been done by clerical/secretarial staff, and, at the very least, did not require the legal expertise of an attorney that bills at $225.00 per hour. Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-18

(5th Cir. 1974) (providing as factors time labor required and skill necessary to perform the services) (cited approvingly in e.g., Griffin v. Jim Jamison, Inc., 188 F.3d 996, 997 (8th Cir. 1999)). Therefore, this entry will be reduced another $90.00.

An entry on 11/21/01 ($45.00) by Eric Gaum dealt with discussions with the graphics department regarding color prints. This task should have been done by clerical/secretarial staff, and, at the very least, did not require the legal expertise of an attorney that bills at $225.00 per hour. Therefore, this entry ($45.00) will be excluded. A similar entry is made by Eryn Ace on 11/21/01, but because the entry also includes tasks related to legal work on the summary judgment motion this Court will only reduce the entry by $40.00.

An entry on 11/21/01 ($85.00) by law clerk Tim Hodgkiss concerns obtaining "color copies." Obtaining color copies does not require the legal expertise of a law clerk that bills at $85.00 per hour, and this task should have been done by clerical/secretarial staff. Therefore, this entry totaling $85.00 will be excluded.

Three entries on 1/3/02 by law clerks Walter Crooks and Christopher Mitchell concern "drawing" an exhibit, travel time to the copy store, and obtaining color copies. Obtaining color copies, travel time to the copy store, and drawing/copying an exhibit do not require the legal expertise of law clerks that bill at $75.00 per hour, and this task should have been done by clerical/secretarial staff. Therefore, these entries totaling $300.00 will be excluded.

An entry on 2/14/02 ($52.50) by law clerk Walter Crooks concerns obtaining color copies. This entry totaling $52.50 will also be excluded.

An entry on 2/25/02 ($135.00) by attorney Eric Gaum concerns, among other tasks, "attention to travel arrangements." This task should have been done by clerical/secretarial staff,

and, at the very least, did not require the legal expertise of an attorney that bills at $225.00 per hour. It is impossible to determine how much time was related to attorney Gaum attending to his travel arrangements because the entry includes multiple tasks. Therefore, this entry will be reduced by thirty-five percent (35%) or $47.25.

An entry on 3/21/02 ($22.50) by attorney Eric Gaum concerns "atten[tion] to travel arrangements." As above, this entry totaling $22.50 will be excluded.

An entry on 4/3/02 ($2,295) by attorney Eric Gaum concerns, among other tasks, "atten[tion] to problems in flight arrangements." It is impossible to determine how much time was related to attorney Gaum attending to his travel problems because the entry includes multiple tasks. Therefore, this entry will be reduced by ten percent (10%) or $229.50.

It is true that the Federal Circuit Court of Appeals has interpreted 35 U.S.C. § 285 as incorporating the "bad faith" exception to the American Rule of attorney fees thereby providing a district court with broad discretion to utilize its inherent equitable power to make an injured party whole. Mathis v. Spears, 857 F.2d 749, 754, 757-58 (Fed. Cir. 1988). This Court, however, refuses to exercise its discretion in the context of these entries because the fees charged for the work performed are simply unreasonable and the level of exceptionality does not compel a different result. Id. at 754 ("The district court's inherent equitable power and informed discretion remain available in determining the level of exceptionality rising out of the offender's particular conduct, and in then determining, in light of that conduct, the compensatory quantum of the award, including the amount of attorney fees, what if any expenses shall be included . . . .").

The total reduction for these entries is $911.75.

**D. Duplicative Attorney Fees**

Plaintiff argues that duplication of services "exists throughout the billing statement." (Pl.'s Mem. in Opp'n to Def.'s Pet. for Att'ys' Fees, Costs and Expenses, at 8). Specifically, Plaintiff argues that local counsel fees are duplicative and fees charged for the same work by law clerk Walter Crooks and attorney Eric Gaum are duplicative. Rather than explain the necessity and reasonableness of its local counsel fees, Defendant simply states "[b]ut for Plaintiffs [sic] frivolous lawsuit being filed in Minnesota, Four Wheel Drive Hardware would not have needed local counsel." (Def.'s Reply in Supp. of Pet. for Att'ys' Fees and Bill of Costs, at 3-4). Such a "but for" analysis is hardly persuasive. Defendant has the burden of establishing entitlement to an award. E.g., Hensley, 461 U.S. at 437.

Defendant has included in its summary of costs, Exhibit B to the petition, local counsel fees and charges. Some of these fees are either duplicative, unreasonable, or simply not eligible for recovery. The entry on 1/31/02 ($95.50) for "[l]ocal counsel fees and charges for review of pleadings and joint motion for protective order" duplicates the work of Hahn Loeser & Parks LLP. Similarly, the entry on 2/17/02 ($800.00) for "[a]ssociate fee for nonpatent prior art search for reflective dashboards and review of affidavit in support of motion for summary judgment of patent invalidity" duplicates the work of Hahn Loeser & Parks LLP. For purposes of this petition, the Court will not award fees of local counsel's review of the work of main counsel. Thus, these entries totaling $895.50 will be excluded.

The entry on 2/28/02 ($521.50) for "[l]ocal counsel fees and charges–telephone conferences with RE Gaum regarding Rule 11 and procedural issues, punitive damage motion and briefing" is not recoverable. Defendant's Rule 11 motion fees were excluded from eligibility

because such motion was improperly filed; indeed, the Rule 11 motion was improperly filed for the procedural issues charged in this entry. In addition, a punitive damages motion was not part of this litigation. Thus, this entry totaling $521.50 will be excluded.

Law clerk Walter Crooks and attorney Eric Gaum did duplicate work in June of 2002. From June 18, 2002 through June 26, 2002, law clerk Walter Crooks researched the reasonableness standard for attorneys fees and prepared Defendant's petition for fees. For example, on 6/19/02 Mr. Crooks "researched cases on reasonableness standard for attorneys fees" and on 6/24/04 Mr. Crooks "[c]ontinued preparation of petition for fees." From June 30, 2002 through July 3, 2002, attorney Eric Gaum did the same work. For example, on 6/30/02 Mr. Gaum engaged in "[p]reparation of petition for attorneys' fees" and conducted "legal research on standards for determining reasonableness." This Court is familiar with the role a law clerk plays in the law firm environment and will readily award reasonable legal work a law clerk provides in research and drafting. When, however, a law clerk's work merely duplicates the work of an attorney (or vice versa), billing judgment must be exercised and such fees are not reasonable. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983) ("Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. 'In the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority.'"). Rather than choose between Mr. Crooks and Mr. Gaum's duplicative work, the Court will simply add the duplicative work of both (all entries between 6/18/02 and 7/3/02) and reduce the total by fifty percent (50%).

Thus, the total reduction for Mr. Crooks and Mr. Gaum's duplicative work is $1,746.75.

The total amount of duplicative fees excluded is $3,163.75.

### E. Costs that Lack Sufficient Documentation

Although 35 U.S.C. § 285 only allows for attorney fees, this Court has the inherent power to award basic fees, costs, and expenses as a part of attorney fees. See Spears, 857 F.2d at 754, 757-58; Central Soya Co., Inc. v. Geo. A. Hormel & Co., 723 F.2d 1573, 1578 (Fed. Cir. 1983). Awarding such expenses is not automatic. Spears, 857 F.2d at 754 ("[W]e do not hold that all awards under Section 285 may or must include expenses, or expenses of any particular type or amount."). Rather, as with any award, it is within this Court's discretion and the fees, expenses, or costs must be reasonable.

As noted previously, eligible costs are only those subsequent to October 7, 2001. Travel costs are reasonable and appropriate. These costs amount to $1,145.29.

Other eligible costs must be reduced. Federal Express charges, copying costs, and online search charges plainly lack documentation such that this Court cannot make a meaningful review. Defendant has the burden to document its costs so that this Court can determine the reasonableness of the costs. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). Here, the typical Federal Express entry simply states: "Federal Express charges for the month of . . . ." This Court simply has no idea what was sent, how much was sent, to whom, for what purpose, or at what rate. Some information, not necessarily encompassing the preceding details, is necessary. In addition, the typical copying entry simply states: "Copies of documents." This Court simply has no idea about what was copied, how much was copied, and what the copying rates were. See Bleimehl v. Eastman Kodak Co., 1997 WL 33322218, at *21 (S.D. Iowa Jan. 27, 1997)

(explaining, in reducing copying costs, that "there is no way for the Court to determine the extent to which the claimed copying was reasonably necessary"). The same is true for online search charges. This Court does not doubt that Federal Express, copying, and online search charges were necessary to this litigation, but the charges must be reasonable and in order for this Court to determine that the charges were reasonable there must be some explanation of the charges. Defendant has failed in this regard, and, given the opportunity to explain more fully the costs in its reply, Defendant offered no explanation. (Def.'s Reply in Supp. of Pet. for Att'ys' Fees and Bill of Costs, at 2).

The remaining local counsel fees/charges that have not already been excluded include: 10/31/02 ($383.75), 3/24/02 ($350.00), 3/31/02 ($73.83), and 4/30/02 ($843.75). The local counsel fees fail to provide a rate at which local counsel charged for its work. In addition, the local counsel fees fail to state how much time was spent on the billed task. Thus, this Court has no idea what rate local counsel charged and how much time local counsel spent on tasks. Moreover, although the remaining local counsel fees are not as blatantly duplicative as those local counsel fees excluded in Part III(D), the remaining local counsel entries are duplicative to a degree and vague. For instance, entry 10/31/01 ($383.75) simply states "[l]ocal counsel fees and charges related to patent infringement case," and entry 3/31/02 ($73.83) simply states "[l]ocal counsel fees and charges for correspondence regarding motion." The generality and vagueness of these entries is compounded by the fact that no rate or time was given for the tasks.

Finally, this Court cannot determine if any of the costs related to ineligible discovery or Rule 11 costs.

Accordingly, the amount of costs beginning with the entry on 10/31/01 but excluding

travel expenses ($1,145.29) and already excluded local counsel fees ($1,417.00), will be reduced. The amount of remaining costs to be reduced is $3926.52, and such costs will be reduced, due to the inadequacies noted above, by eighty percent (80%) or $3,141.21.

**F. Attorney Fees Related to Defendant's Appeal of this Court's May 7, 2002 Order**

Defendant seeks attorney fees associated with its appeal of this Court's May 7, 2002 Order granting Defendant's request for attorney fees with limitations. Ultimately, Defendant's appeal was denied. Plaintiffs argue that Defendant's decision to appeal the May 7, 2002 Order was not necessary to this litigation, and the fees associated with such appeal should be excluded.

The attorney fees associated with Defendant's appeal of this Court's May 7, 2002 Order must be excluded. Defendant made the independent decision to appeal this Court's Order and such fees cannot reasonably be taxed to Plaintiffs. Thus, entries from 5/8/02 through 6/8/02 will be excluded.

The total amount excluded for these entries is $3,311.00.

**G. Defendant's Rule 11 Motion**

As noted in this Court's May 7, 2002 Order, "the preparation and filing of Defendant's Rule 11 sanctions motion" was not to be included in any award. Bronson et al. v. Four Wheel Drive Hardware, LLC, No. 00-2616, Order at 15 (D. Minn. May 7, 2002). This remains true.

Defendant argues that it should indirectly be able to recover for work on the Rule 11 motion. Specifically, Defendant argues that it utilized nine pages of work from the Rule 11 motion in the § 285 motion. Defendant states that "a separate, detailed summary of the attorneys' fees incurred in preparing the Rule 11 motion is attached as Exhibit I" to the petition.

(Def.'s Pet. for Att'ys' Fees and Bill of Costs, at 7).

Exhibit I, however, is not the only Rule 11 work that Defendant submitted in its fee petition. Exhibit A, the general summary of attorney fees, contains numerous entries related to Defendant preparing the Rule 11 motion. This Court specifically directed Defendant to exclude such Rule 11 fees from its petition. Defendant submitted its Rule 11 motion and its initial 28 U.S.C. § 1927 motion on February 20, 2002.[1] Defendant is not entitled to fees related to either motion. Thus, all fees related to the Rule 11 motion and the § 1927 motion, which for the most part would have occurred prior to February 20, 2002, will be excluded. The entries excluded include, with parenthetical examples, the following: 1/31/02 ($225.00) ("Review of legal research and case law regarding Rule 11 sanctions . . . ."); 1/31/02 ($165.00); 2/1/02 ($22.50); sixty-five percent of 2/9/02 ($1,035.00) ("Legal research into how to prepare motion for sanctions and attorney fees request."); 2/14/02 ($67.50); 2/17/02 ($630.00) ("Preparation of notice of motion and motion to recover attorney fees, costs, and expenses pursuant to 28 U.S.C. § 1927."); sixty percent of 2/18/02 ($810.00); and 2/19/02 ($1,282.00) ("Preparation of memorandum of law in support of motion for sanctions . . . ."). The total reduction for Rule 11 fees is $3,550.75.

Defendant is entitled to recover fees associated with bringing its initial motion under 35 U.S.C. § 285. Defendant's § 285 motion is twelve (12) pages. Defendant's Rule 11 motion is nine (9) pages. Approximately eight and a half (8½) pages of Defendant's Rule 11 motion is incorporated into Defendant's § 285 motion. Thus, the work to prepare the Rule 11 motion is

[1] The Rule 11 motion was withdrawn. The § 1927 motion was re-submitted with the 35 U.S.C. § 285 motion wherein the § 1927 motion was denied.

also applicable, in part, to the § 285 motion. Although Defendant could not recover twice for the same work, in the context of this case allowing Defendant to recover for work that was initially put forth on the Rule 11 motion but that is entirely transferable to the § 285 motion is reasonable.

The difficult issue is deciding what part of the entries related to Defendant preparing the Rule 11 motion actually represent transferable work to the § 285 motion. Defendant suggests seventy-five percent (75%). This Court thinks fifteen percent (15%) is more appropriate for three reasons. First, the crux of the Rule 11 motion and the § 285 motion was largely a re-categorization of the merits of the summary judgment motion that had already been written. Accordingly, the Rule 11 and § 285 motions should not have required extensive work. Second, Defendant is already recovering approximately $8,000 in attorney fees for its § 285 motion.[2] Third, there remain *ineligible* fees connected with the Rule 11 and § 1927 motions lumped within eligible § 285 fee entries that this Court has not strained out. Therefore, of the $3,550.75 in Rule 11 fees that must be excluded, fifteen percent (15%) or $532.61 must be re-added to the fee award as work transferable to the § 285 motion. In the end, $3,018.14 must be excluded as ineligible Rule 11 fees.

Finally, Defendant is not entitled to any of the fees in Exhibit I to the fee petition. Most of the entries that Defendant claims represent transferable work from the Rule 11 motion to the § 285 motion in Exhibit I are actually not transferable work. (Def.'s Pet. for Att'ys' Fees and Bill

---

[2] The § 285 motion was filed on March 19, 2002 and the hearing was held on April 4, 2002. For an example of the fees generate in connection with the § 285 motion, see e.g., entries on 4/12/02 ($45.00), 4/11/02 ($22.50), 4/4/02 ($2,295.00), 4/3/02 ($2,295.00), 4/2/02 ($450.00), 4/2/02 ($135.00), 4/1/02 ($34.00), 4/1/02 ($360.00), 3/29/02 ($133.00), 3/29/02 ($82.50), 3/24/02 ($67.50), 3/18/02 ($225.00), 3/16/02 ($1,687.50), and 3/13/02 ($45.00).

of Costs, Ex. I). For instance, the first entry on 2/10/02 ($202.50) concerns "[l]egal research regarding the procedural and time requirements for bringing a motion for sanctions under Federal Rule of Civil Procedure 11." The next entry on 2/11/02 pertains to similar issues including "how to comply with the 21 day safe harbor provision." The next two entries on 2/12/02 and 2/15/02 are similar. The entry on 3/11/02 concerns how to respond to the failure to comply with the safe harbor provision. Defendant's Rule 11 motion was improperly filed under Rule 11, and the fees above are related to that improper filing. Two entries on 2/16/02 ($405.00) and 2/17/02 ($382.50) actually do deal with writing the Rule 11 motion. The Court, however, will not entertain a reconsideration of these entries because Defendant has already improperly included a plethora of fees related to its Rule 11 motion in Exhibit A to the fee petition. For an example of entries included in Exhibit A to the fee petition which related to the Rule 11 motion and that this Court has not strained to filter out, see portions of entries dated 3/13/02, 3/18/02, and 4/1/02 ("Preparation of letter to magistrate judge in response to Plaintiffs' letter requesting that Rule 11 motion be dismissed with prejudice."). Thus, no further adjustments will be made with regard to the Rule 11 motion and transferable work.

### H. The Lodestar Amount

The amount of hours reasonably expended multiplied by a reasonable rate, plus costs results in the following:

| | |
|---|---|
| Amount requested as reasonable attorney fees: | $46,450.00 |
| Amount requested as reasonable fees, costs, and expenses: | $8,808.98 |
| Less attorney fees prior to October 7, 2001: | ($7,169.00) |
| Less fees, costs, and expenses prior to October 7, 2001: | ($2,320.17) |

| | |
|---|---|
| Less discovery related attorney fees: | ($4,164.75) |
| Less insurance related attorney fees: | ($72.00) |
| Less overhead related attorney fees: | ($911.75) |
| Less duplicative attorney fees: | ($3,163.75) |
| Less insufficiently documented fees, costs, and expenses: | ($3,141.21) |
| Less appeal related attorney fees: | ($3,311.00) |
| Less Rule 11 related fees: | ($3,018.14) |
| Total Attorney Fees award including fees, costs, and expenses: | $27,987.21 |

**I. Further Adjustments**

Defendant has not requested an additional adjustment.

On the other hand, Plaintiffs have requested that this Court further reduce the lodestar amount by seventy-five percent (75%) because the work necessary to prosecute this case was not complex. Plaintiffs' argument is with merit. Defendant has obtained excellent results, and its attorneys shall recover the full lodestar amount. Hensley v. Eckerhart, 461 U.S. 424, 435 (1983) ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation . . . .").

**THEREFORE, IT IS HEREBY ORDERED that:**

1. Defendant's Petition for Attorneys' Fees and Bill of Costs (Doc. No. 75) is **GRANTED** in part. Plaintiffs and/or their attorney Michael S. Sherrill shall pay to Defendant the sum of $27,987.21 as reasonable attorney fees and other fees, costs, and expenses within ninety (90) days of the date of this Order.

Dated: April 18, 2003

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge